1

2

3

4

5

6                IN THE UNITED STATES DISTRICT COURT FOR THE

7                     EASTERN DISTRICT OF CALIFORNIA

8

9  NEIL PARIS SUGARMAN,          )        No. CV-F-06-636 AWI (HC)
                                 )        (No. CR-F-95-5018 REC)
10                               )
                                 )        ORDER DENYING MOTION TO
11              Petitioner,      )        RECUSE (Doc. 96),
                                 )        DISMISSING MOTION TO VACATE,
12       vs.                     )        SET ASIDE OR CORRECT
                                 )        SENTENCE PURSUANT TO 28
13                               )        U.S.C. § 2255 (Doc.98),
   UNITED STATES OF AMERICA,     )        DENYING MOTION TO AMEND
14                               )        SECTION 2255 MOTION (Doc.
                                 )        100), DENYING MOTION TO HOLD
15              Respondent.      )        SECTION 2255 MOTION IN
                                 )        ABEYANCE (Doc. 99), AND
16  _____ )        DIRECTING CLERK TO ENTER
                                          JUDGMENT FOR RESPONDENT

17

18

19

20

21       On May 24, 2006, petitioner Neil Paris Sugarman, proceeding

22  in pro per, filed a motion to vacate, set aside or correct

23  sentence pursuant to 28 U.S.C. § 2255.  Also on May 24, 2006,

24  petitioner filed a motion to stay consideration of petitioner's

25  Section 2255 motion for 90 days.  On June 2, 2006, petitioner

26

                                   1

1    filed a motion for leave to amend the Section 2255 motion.[1]

2    **A.   Background**.

3    Petitioner pleaded guilty on June 26, 1995 pursuant to a

4    written Plea Agreement to five counts of bank robbery in

5    violation of 18 U.S.C. § 2113(a) (Counts 1, 2, 3, 6, and 7), to

6    one count of armed bank robbery in violation of Section 2113(a)

7    and (d) (Count 8), one count of interference with commerce by

8    robbery in violation of 18 U.S.C. § 1915(a) (Count 4), and one

9    count of use of a firearm during a crime of violence in violation

10   of 18 U.S.C. § 924(c) (Count Five).  Petitioner was sentenced on

11   September 11, 1995 to 121 months as to Counts 1, 2, 3, 4, 6, and

12   7 to be served concurrently with each other, 60 months as to

13   Count 5 to be served consecutively to the terms imposed in Counts

14   1-4 and 6-8 for a total term of 181 months.  Petitioner did not

15   file an appeal.

16   On April 18, 1997, petitioner filed a motion to vacate, set

17   aside or correct sentence pursuant to 28 U.S.C. § 2255.  (No. CV-

18   F-97-5375 REC).  On April 27, 1997, petitioner filed a motion to

19   amend the Section 2255 motion, which motion to amend was granted

20   by Order filed on April 30, 1997.  On May 7, 1997, petitioner

21   filed a motion to file amendment pursuant to Section 2255.  By

22   Order filed on June 10, 1997 (hereinafter referred to as the June

23

24        [1]On May 23, 2006, petitioner filed a motion to recuse Judge
     Robert E. Coyle.  (Doc. 96).  Because the civil action in which the
25   Section 2255 motion was filed has been assigned to the docket of
     Judge Anthony Ishii because of Judge Coyle's senior status, the
26   motion to recuse is moot and is denied on that ground.

1  10 Order), petitioner's May 7, 1997 motion was deemed to be an
2  amended Section 2255 motion and the amended Section 2255 motion
3  was denied. (Doc. 39)  Petitioner contended that his guilty plea
4  to Count 4 was involuntary because the court lacked jurisdiction
5  to prosecute him for this offense, petitioner asserting that the
6  United States must establish that it owns the land on which the
7  business he robbed was located and must provide documentation
8  establishing that the land has been ceded to the United States by
9  the State of California.  The court denied this claim on the
10 ground that the jurisdictional element for a violation of Section
11 1915(a) is provided by the requirement that interstate commerce
12 be obstructed, delayed or affected.  The court rejected
13 petitioner's related challenge that it lacked jurisdiction to
14 prosecute Count 5 because of the conclusion that jurisdiction to
15 prosecute Count 4 existed.  Petitioner further contended that the
16 five-level increase pursuant to U.S.S.G. § 2B3.1(b)(2)(C) for
17 displaying and pointing a firearm at the teller during the
18 robbery applied in determining the offense level for Count 8
19 constituted double punishment because he was also sentenced for
20 use and carrying a firearm in violation of Section 924(c)(1) in
21 connection with Count 5.  The court rejected petitioner's claim,
22 ruling that in determining the offense level for Count 4, no
23 adjustment to the offense level was applied because petitioner
24 had pleaded guilty to Count 5 and Count 5 required a mandatory
25 five-year consecutive sentence.  In determining the offense level
26 for Count 8, the five-level increase mandated by § 2B1.3(b)(2)(C)

1    was applied because there was no separate charge in the

2    Superseding Indictment that petitioner had violated Section

3    924(c) in committing the armed bank robbery alleged in Count 8.

4    The court further ruled that the Ninth Circuit has held that

5    imposition of consecutive sentences for armed bank robbery in

6    violation of Section 2113(a) and (d) and for the use of a firearm

7    during the commission of that armed bank robbery does not

8    constitute double jeopardy, citing <u>United States v. Brown</u>, 829

9    F.3d 760, 766-767 (9th Cir. 1987), <u>cert. denied</u>, 485 U.S. 991

10   (1988).  The court stated that it was aware of no authority

11   holding that an adjustment to the offense level pursuant to §

12   2B1.3(b)(2)(C) in a count charging only bank robbery constitutes

13   double jeopardy or double punishment, and that petitioner's

14   arguments in support of his position were not persuasive.  On

15   June 14, 1997, petitioner filed a notice of intent to appeal the

16   June 10 Order.  By Order filed on June 24, 1997, the court

17   declined to issue a certificate of appealability in connection

18   with the appeal of the June 10 Order.  By Order filed with this

19   court on December 5, 1997, the Ninth Circuit declined to issue a

20   certificate of appealability.

21       On July 28, 1998, petitioner filed a petition for writ of

22   error coram nobis pursuant to 28 U.S.C. § 1651, contending that

23   petitioner's guilty plea was involuntary because of ineffective

24   assistance of counsel and that counsel was ineffective because of

25   counsel's failure to file a notice of appeal as requested by

26   petitioner.  This petition was denied by Order filed on July 31,

4

1998, the court ruling that the writ of error coram nobis affords

a remedy to attack an unconstitutional or unlawful conviction in

cases where the petitioner has already served his sentence and

that petitioner cannot circumvent the requirements of Section

2255 by seeking relief pursuant to a writ of error coram nobis.[2]

On December 7, 1998, petitioner filed a notice of appeal,

appealing "from the imposition of sentence in CR-F-95-5018 REC

and in accordance with 18 USC § 3742, that such sentence was

imposed in violation of law."  By Order filed on December 29,

1998, the court declined to issue a certificate of appealability

"[t]o the extent a Certificate of Appealability is a prerequisite

to the prosecution of this appeal", the court describing the

background set forth above.  On January 19, 1999, petitioner

filed a motion for leave to file a notice of appeal "out of time"

with regard to the Order denying the petition for writ of error

coram nobis, and a motion for leave to appeal in forma pauperis.

By Order filed on February 16, 1999, the court granted the motion

for leave to file the notice of appeal "out of time" but denied

the request to appeal in forma pauperis on the ground that the

appeal is frivolous and not taken in good faith.

On September 22, 2000, petitioner filed a notice of appeal

"out of time", requesting leave to file a notice of appeal of his

---

[2]The original of the Order denying the petition for writ of error coram nobis is missing from the file in the underlying criminal action.  However, the basis for the denial of the writ of error coram nobis set forth in the Order is referred to in subsequent Orders by the court.

conviction and sentence imposed on September 11, 1995 because of

defense counsel's failure to file a timely notice of appeal.  By

Order filed on September 25, 2000, the court struck the notice of

appeal "out of time" on the ground that it was "improper and

ineffective".  The court described the previous filings made by

petitioner and further ruled:

> In the Petition for Writ of Error Coram
> Nobis, Sugarman contended that his guilty
> plea was not knowing and voluntary because of
> ineffective assistance of counsel and that he
> was denied the effective assistance of
> counsel because of counsel's failure to file
> an appeal from Sugarman's conviction and
> sentence as requested by him.  None of these
> grounds were raised in the Section 2255
> motion.  Sugarman asserted that these grounds
> were not raised in his Section 2255 motion
> because of a lockdown at the institution and
> because of pressure to at least attempt to
> file the Section 2255 motion prior to the
> 'deadline'.  Recognizing that the amendments
> to Section 2255 enacted by the Antiterrorism
> and Effective Death Penalty Act of 1996 which
> added a one-year limitations period and a
> requirement that certification be obtained
> from the Court of Appeals for the filing of a
> second or successive petition may preclude
> petitioner from seeking relief pursuant to
> Section 2255, Sugarman asserted that he is
> entitled to seek the vacation of his
> conviction and sentence pursuant to the All
> Writs Act by petitioning for a writ of error
> coram nobis.  In its Order Denying Petition
> for Writ of Error Coram Nobis filed on July
> 31, 1998, the court did not agree, holding
> that the writ of error coram nobis affords a
> remedy to attack an unconstitutional or
> unlawful conviction in cases where the
> petitioner has already served his sentence,
> that Sugarman could not circumvent the
> requirements of Section 2255 by seeking
> relief pursuant to a writ of error coram
> nobis, and that Sugarman may now be
> procedurally precluded from obtaining relief
> pursuant to Section 2255 does not render a

1
2
3
4
5

> remedy under Section 2255 unavailable for
> purposes of coram nobis.  This procedural
> background makes clear that Sugarman is
> attempting to overcome the one year
> limitations period applicable and the
> requirement that a second or successive
> motion for relief pursuant to Section 2255 be
> certified by the Ninth Circuit by belatedly
> seeking to file a notice of appeal.

On October 11, 2000, petitioner filed a notice of appeal,

appealing this Order.  By Order filed on October 12, 2000, the

court denied petitioner's motion to prosecute this appeal <u>in</u>

<u>forma pauperis</u>, the court ruling that the appeal was in bad

faith.  By Order filed with this court on March 19, 2001, the

Ninth Circuit dismissed this appeal for failure to prosecute.

On August 22, 2003, petitioner filed a motion to compel

production of documents, seeking an order to the Clerk's Office

to copy and provide petitioner at government expense the docket

sheet; the Superseding Indictment; "any and all sentencing

memorandums; concerning plea offers, especially (1) one in

particular dated prior to said superseding indictment; where as

gov't does make a plea offer of 57-71 months in exchange for a

plea of guilty"; the Plea Agreement; and "any and all copies of

all motions concerning an alleged illegal search of defendant's

person and property at the time of arrest (January 18, 1995)".

By Order filed on August 22, 2003, this motion was denied, the

court ruling in pertinent part:

> Although there is no explanation in the
> motion for Sugarman's need for these copies,
> the court assumes that Sugarman intends to
> file a post-conviction collateral attack on
> his conviction or sentence.  Sugarman is not

7

1

2
> entitled to these copies at government
> expense in order to prepare a post-conviction
> motion or writ.  Sugarman must first file the
> motion or writ alleging grounds for relief.
> The court will then decide whether or not
> Sugarman is entitled to proceed and, if so,
> whether copies of documents are necessary to
> the resolution of the motion or writ.

3

4

5

6        The court takes judicial notice that petitioner filed an

7   application for leave to file a second or successive Section 2255

8   motion with the Ninth Circuit on November 11, 2005.[3]  <u>See</u>

9   <u>Sugarman v. United States</u>, Ninth Circuit Docket, No. 05-76812.

10  According to the Ninth Circuit's docket, on February 24, 2006,

11  the following Order was filed:

12
> A review of the record shows the district
> court dismissewd [sic] petitioner's first
> habeas corpus petition for failure to state a
> cognizable claim.  A federal habeas petition
> filed after an earlier petition had been
> dismissed for technical or procedural reasons
> is not a second or successive petition.
> Accordingly, the application for
> authorization to filed a second or successive
> 28 U.S.C. 2254 [sic] habeas corpus petition
> in the district court is denied as
> unnecessary.  All other pending motions are
> denied as moot.  (Terminated on the Merits
> after Submission Without Oral Hearing;
> Denied; Written, Unsigned, Unpublished.  Mary
> M. SCHROEDER, Alfred T. GOODWIN, Johnnie B.
> RAWLINSON) [05-76812] (ba)

13

14

15

16

17

18

19

20  On March 13, 2006, petitioner filed what is described on the

21  Ninth Circuit's docket as a "motion for a clarification/direction

22  of order of 2/24/06; Granting petitioner permission to file

23

24        [3]A court is permitted to take judicial notice of court records
    in another case, including court records available to the public
25  through the PACER system via the internet.  <u>See</u> <u>United States v.</u>
    <u>Howard</u>,  381 F.3d 873, 876 n.1 (9th Cir. 2004); <u>Jacobsen v.</u>
26  <u>Schwarsenegger</u>, 357 F.Supp.2d 1198, 1207 (C.D.Cal.2004).

another 2255 motion ...."

On March 24, 2006, petitioner filed with this court a "Motion to Take Leave to File a Petition Pursuant to 28 U.S.C. 2255". In this motion, petitioner referred the court to his application for leave to file a second or successive Section 2255 petition, noted that the Ninth Circuit's Order had several mistakes in it, noted that he had filed a motion for clarification with the Ninth Circuit, that the motion for clarification remained under submission with the Ninth Circuit. Petitioner moved for permission of this court to file a Section 2255 motion, stating that "[s]ince time is of the essence and Petitioner does <u>not</u> want to file a § 2255 motion until it is clarified if that this the correct vehicle to file at this time and based on the Ninth Circuit's Order." By Order filed on April 26, 2006, the court denied petitioner's motion, concluding:

> If petitioner believes that he is entitled to file a motion for relief pursuant to 28 U.S.C. § 2255, petitioner can file that motion without permission from this court, setting forth in that motion the grounds for relief and why petitioner believes he is entitled to raise them at this juncture, notwithstanding the denial by this court of his Section 2255 motion by Order filed on June 10, 1997 and the denial by this court of petitioner's petition for writ of error coram nobis by Order filed on July 31, 1998. Because the court has no information concerning the content of petitioner's request to the Ninth Circuit in No. 05-76812 and no information concerning the grounds upon which petitioner intends to base his Section 2255 motion, the court cannot and does not express any opinion with regard to the procedural or substantive merits of any claims petitioner may have.

9

According to the Ninth Circuit's docket in No. 05-76812, the following Order was filed on May 23, 2006:

> Petitioner's motion for clarification of the court's 2/24/06 order is granted.  The court's 2/24/06 order is hereby vacated as having been issued in error.  Petitioner's application for authorization to file a second or successive 28 U.S.C § 2255 motion in the district court is denied.  No petition for rehearing or motion for reconsideration shall be filed or entertained in this case. (Terminated on the Merits after Submission Without Oral Hearing; Denied; Written, Unsigned, Unpublished.  Mary M. SCHROEDER, Alfred T. GOODWIN, Johnnie B. RAWLINSON) [05-76812] (ba)

**B.   Claims in Instant Section 2255 Motion**.

Petitioner raises the following claims for relief in the Section 2255 motion filed with this court on May 24, 2006:

> 1.   Claim I: "Petitioner can show that he is actually innocent of the nine (9) count superseding indictment ... all due to petitioner convicted by the use of evidence obtained through an illegal search and seizure, all in violation of his constitutional rights under the U.S. Constitution";

> 2.   Claim II: "That through ineffective assistance of counsel evidence obtained through an illegal search and seizure was admitted, all in violation of petitioner's 4th, 5th and 6th Amendment rights under the U.S. Constitution";

> 3.   Claim III: "Petitioner was denied effective assistance of counsel in violation of the Sixth Amendment to the U.S. Constitution, due to counsel's failure to file a notice of appeal and appeal petitioner's conviction and sentence as requested";

> 4.   Claim IV: "Petitioner's guilty plea was not voluntary and knowingly entered in

10

1                                violation of the Fifth and Sixth Amendments
of the U.S. Constitution due to petitioner's

2                                receiving ineffective assistance of counsel";

3                                5.  <u>Claim V</u>: "Lack of subject matter
jurisdiction in Count IV and Count V of the

4                                Superseding Indictment".

5    This court lacks jurisdiction to consider any of these

6 claims pursuant to 28 U.S.C. § 2255.[4]  As judicially noted above,

7 the Ninth Circuit has denied petitioner's application to file a

8 second or successive Section 2255 petition.  If a petitioner has

9 previously sought relief pursuant to Section 2255 and has not

10 received from the Ninth Circuit certification as required by

11 Sections 2244 and 2255, this court does not have jurisdiction to

12 consider the merits of this second motion.  <u>United States v.</u>

13 <u>Allen</u>, 157 F.3d 661, 664 (9th Cir. 1998).

14    Petitioner's assertion in Claim I that he is "actually

15 innocent" of the crimes charged in the Superseding Indictment

16 because evidence was obtained in violation of the Fourth

17 Amendment does not change this conclusion.[5]  In <u>Bousley v.</u>

18 <u>United States</u>, 523 U.S. 614, 623 (1998), the Supreme Court

19 defined "actual innocence" as "factual innocence, not mere legal

20 insufficiency."  Petitioner's claim in the instant motion that

21 evidence was obtained in violation of the Fourth Amendment is not

22

23       [4]Because of this conclusion, the court does not address the
issues of timeliness and equitable tolling apparent from the face

24 of the motion and the record set forth above.

       [5]The record in the criminal action demonstrates that

25 petitioner's motion to suppress evidence was denied following an
evidentiary hearing.

26

based on "actual innocence" but, rather, "mere legal insufficiency". Furthermore, as explained in <u>Ivy v. Pontesso</u>, 328 F.3d 1057, 1059-1060 (9th Cir. 2003):

> 'In general, § 2255 provides the exclusive procedural mechanism by which a federal prisoner may test the legality of his detention.' ... However, a prisoner may proceed under § 2241 if he can show that 'the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention.' ... This Court has not fully explained when § 2255's remedy is 'inadequate or ineffective.' ... However, we have stated that this exception is narrow ... and that § 2255's remedy is not 'inadequate or ineffective' merely because § 2255's gatekeeping provisions prevent the petitioner from filing a second or successive petition ....
> ...

> We have not had occasion to decide when a claim of actual innocence entitles a petitioner who is procedurally barred from filing a second or successive motion under § 2255 to seek relief under § 2241. Our sister circuits, however, have held that § 2255 provides an 'inadequate or ineffective' remedy (and thus the petitioner may proceed under § 2241) when the petitioner claims to be: (1) factually innocent of the crime for which he has been convicted; and (2) has never had an 'unobstructed procedural shot' at presenting this claim ... In other words, it is not enough that the petitioner is presently barred from raising his claim of innocence by motion under § 2255. He must never have had the opportunity to raise it by motion.

Here, petitioner has not made a showing that he is factually innocent of the crimes of which he was convicted and has not made a showing that he never had an unobstructed procedural shot at raising this claim. Therefore, the court cannot deem

12

1  petitioner's instant motion for relief pursuant to Section 2255

2  to be a petition for writ of habeas corpus pursuant to 28 U.S.C.

3  § 2241.

4  **C.  Petitioner's Motion to Amend Instant Section 2255**

5  **Motion.**

6       As noted, on June 2, 2006, petitioner filed a motion to

7  amend or supplement the instant Section 2255 motion to add

8  argument in support of Claim V asserted in the Section 2255

9  motion, e.g., "[l]ack of subject matter jurisdiction in Count IV

10  and Count V of the Superseding Indictment".

11       The court denies petitioner's motion to amend as futile.  As

12  ruled above, this court lacks jurisdiction to consider the

13  claim.[6]

14  **D.  Petitioner's Motion to Hold Section 2255 Motion in**

15  **Abeyance for 90 Days.**

16       By this motion, petitioner requests the court to hold the

17  instant Section 2255 motion in abeyance for 90 days or until such

18  time as petitioner can file a "typed more legible § 2255 motion."

19       Because of the rulings made herein, this motion is denied.

20  _____

21       [6]Furthermore, it is apparent from petitioner's motion to amend
   that the claimed lack of subject matter jurisdiction with regard to
22  Counts IV and V of the Superseding Indictment is based on
   petitioner's contention that, in committing the robbery charged in
23  Count 4, interstate commerce was not obstructed, delayed or
   affected.  However, petitioner admitted in the Plea Agreement and
24  under oath during the change of plea proceedings that "[a]t the
   time of the robbery, Edmonds Jewelers and Goldsmiths was engaged in
25  the sale of jewelry in interstate commerce and an industry which
   affects interstate commerce."

26

13

ACCORDINGLY:

1.   Petitioner Neil Sugarman's motion to recuse is denied.

2.   Petitioner Neil Sugarman's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 filed on May 24, 2006 is dismissed for lack of jurisdiction.

3.   Petitioner's motion to amend Section 2255 motion filed on June 2, 2006 is denied.

4.   Petitioner's motion to hold Section 2255 motion in abeyance is denied.

5.   The Clerk of the Court is directed to enter judgment for respondent.

IT IS SO ORDERED.

**Dated:    June 23, 2006    **          _____ **/s/ Anthony W. Ishii**  _____
9h0d30                                    UNITED STATES DISTRICT JUDGE

14